IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREW ROBERT COATS, #896938 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv20 |
| | § | CRIMINAL ACTION NO. 4:09cr47(1) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Movant filed a Motion Seeking Relief from Judgment (docket entry #37). If a motion for relief from judgment is filed within 28 days of final judgment, Movant's motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Movant's motion, filed within 28 days of final judgment, is properly filed under Fed. R. Civ. P. 59.

**I. POSTJUDGMENT MOTION FOR RELIEF**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc*., 784 F.2d 665, 669-70 (5th Cir. 1986) (*en banc*) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter

1

or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II. BACKGROUND AND DISCUSSION

In his Rule 59 motion, Movant reasserts the claims that he brought in his § 2255 motion and in his objections to the Report and Recommendation. However, Movant's § 2255 motion was denied based on the waiver to which Movant agreed, which was included in his plea agreement. To demonstrate that the plea agreement should not be upheld, a movant must show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a movant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

The record reveals that Movant's plea agreement was knowing and voluntary – he understood the nature of the charges against him and the consequences of his plea, yet pleaded guilty. *Id*. The record also rebuts Movant's claim that he unknowingly pleaded guilty based on his trial counsel's ineffectiveness. He has not shown that his counsel "coerced, induced, and lied" to get him to plead guilty. In fact, when asked at his plea hearing if anyone had forced or threatened him, or made promises other than that included in the plea agreement, Movant confirmed that his plea was freely and voluntarily made, without such influences. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). The record does not support Movant's allegations of ineffective assistance of

counsel. Movant has also failed to show prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984).

Additionally, Movant has not shown that he is entitled to relief based on the fairly recent United States Supreme Court decisions discussing ineffective assistance of counsel at the plea stage, *Lafler v. Cooper*, 566 U.S. —, 132 S. Ct. 1376, 182 L. Ed.2d 398 (2012), and *Missouri v. Frye*, 566 U.S. —, 132 S. Ct. 1399, 182 L. Ed.2d 379 (2012). He has failed to show that counsel advised him to decline a plea bargain offer, followed by a trial and conviction, resulting in a more severe sentence than the one offered during plea bargaining. *Lafler*, 566 U.S. —, 132 S. Ct. 1376. Nor has Movant shown that counsel failed to communicate a plea offer more favorable than one later accepted. *Frye*, 566 U.S. —, 132 S. Ct. 1399. Because Movant knowingly and voluntarily pleaded guilty, his waiver included in his plea agreement must be upheld. The remaining issues that Movant raised in his § 2255 motion were not reserved for review in the plea agreement waiver. Accordingly, it is

**ORDERED** that Movant's Motion for Relief from Judgment (docket entry #37) is **DENIED**. Movant may contact the Clerk of the Court to determine the cost of the records he wishes to obtain. All motions filed by any party not previously ruled upon are **DENIED**.

**SIGNED this the 24th day of March, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE